**LI RUNG WANG, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 05–3108–ag.**

United States Court of Appeals,
Second Circuit.

Dec. 21, 2006.

Henry Zhang Esq., New York, New York, for Petitioner.

Norman Cairns, Assistant United States Attorney, for David C. Iglesias, United States Attorney for the District of New Mexico, Albuquerque, New Mexico, for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. BARRINGTON D. PARKER, Circuit Judges, Hon. MARK R. KRAVITZ, District Judge.*

### *SUMMARY ORDER*

Li Rung Wang, a citizen of the People's Republic of China, petitions for review of the May 25, 2005 order of the BIA affirming without opinion the October 1, 2003 decision of Immigration Judge ("IJ") Brigitte Laforest denying her application for withholding of removal under the Convention Against Torture ("CAT"). *In re Li*

---

* The Honorable Mark R. Kravitz of the United States District Court for the Southern District of New York, sitting by designation.

*Rung Wang,* No. A 78 864 334 (B.I.A. May 25, 2005), *aff'g* No. A 78 864 334 (Immig. Ct. N.Y. City Oct. 1, 2003). We presume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the IJ's decision without opinion, this Court reviews the decision of the IJ, *see Dong v. Ashcroft,* 406 F.3d 110, 111 (2d Cir.2005) (per curiam), under the substantial evidence standard, *see Zhou Yun Zhang v. U.S. INS,* 386 F.3d 66, 73 (2d Cir.2004).

The IJ found Wang to be "essentially credible," but denied her application for withholding of removal based on a finding that she failed to meet her burden of proof, adducing insufficient evidence to demonstrate "that if forced to return to China ... she would be more likely than not ... tortured at the hands of authorities." On appeal, Wang claims that the IJ relied too heavily on the State Department country report for China admitted into evidence and ignored Wang's testimony that her neighbor was arrested, beaten and fined upon the neighbor's return to China after having illegally departed.

There is substantial evidence in the record to support the IJ's denial of Wang's application for relief. The State Department report on China indicates that repatriated first-time offenders of China's illegal departure policy "have faced fines for illegal immigration upon their return; after a second repatriation, such persons could be sentenced to a term in a reeducation-through-labor camp." The record indicates that Wang only departed from China once. She offered no contrary evidence to rebut the State Department report or to suggest that, as a first-time repatriate, she would be subjected to any punishment more severe than the fine described in the report.[1] Moreover, contrary to Wang's assertion that the IJ failed to consider her testimony regarding her repatriated neighbor's treatment upon her return to China, the IJ made specific reference to this testimony but permissibly declined to credit it against the weight of contrary evidence. Wang thus failed to establish that someone in her particular circumstances would have an objectively reasonable fear, much less a clear probability, of punishment or torture on the basis of her illegal departure. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 160–61 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal is DENIED as moot.

---

1. Were Wang able to demonstrate that she would be subject to reeducation or even incarceration upon her return to China, it is unclear whether such punishment would constitute torture within the meaning of the CAT. This Court has recognized that "Chinese law does indeed allow for imposition of a sentence of imprisonment on a person who illegally departs the country," *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 407 (2d Cir. 2005), but we have repeatedly held that "[p]unishment for violation of a generally applicable criminal law is not persecution," *see Saleh v. U.S. Dep't of Justice,* 962 F.2d 234, 239 (2d Cir.1992).